**LEWISTON–AUBURN UNITED GROCERS, INC.**

v.

**Ernest H. JOHNSON, State Tax Assessor, State of Maine.**

Supreme Judicial Court of Maine.

May 12, 1969.

are being held for the purpose of sale or a tax upon the sale on cigarettes.

■ We look first to the language of the statute for evidence of legislative intent. Hunter v. Totman, 146 Me. 259, 265, 80 A.2d 401, 404 (1951).

The first paragraph of Section 4365 reads:

"A tax is imposed on all cigarettes *held* in this State by any person *for sale,* said tax to be at the rate of 5 mills for each cigarette and the payment thereof to be evidenced by the affixing of stamps to the packages containing the cigarettes. Any cigarette on which a tax has been paid, *such payment being evidenced by the affixing of such stamp,* shall not be subject to a further tax under this chapter. Nothing contained in this chapter shall be construed to impose a tax on any transaction, the taxation of which by this State is prohibited by the Constitution of the United States." (Emphasis added)

Section 4368 requires the distributor to affix the stamps to each package sold by him but permits him to do this at any time before the cigarettes leave his possession. Section 4369 obligates the dealer (who may or may not have purchased all of his cigarettes from a distributor) to affix stamps to any unstamped cigarettes within 72 hours after they come into his possession.

■ Section 4370 prohibits the sale by distributors and the sale or possession with intent to sell of unstamped cigarettes by anyone else except for the right of a dealer to delay the affixing of stamps 72 hours as permitted by Section 4369 (and certain sales by one distributor to another of cigarettes bearing the stamp of another state, with which we are not concerned). The language of these sections is persuasive of the State's contention that the Legislature intended to impose a tax on the possession of cigarettes for sale rather than a tax on their sale. The plain language of Section 4365—"A tax is imposed on all cigarettes

Brann & Isaacson, by Irving Isaacson, Lewistown, for plaintiff.

James M. Cohen, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On report.

It is agreed that the plaintiff is a distributor of cigarettes and that it had in its premises on June 15, 1968, 119 cases of cigarettes, 102 of which had affixed to them the cigarette tax stamps provided for in 36 M.R.S.A. Chapter 703. No stamps had as yet been affixed to the other 17 cases. On that date unknown thieves stole the entire 119 cases, without the fault of the plaintiff, and they have never been recovered. The State Tax Assessor has refused to refund to the plaintiff the value of the stamps which had been affixed to the 102 cases and he has notified plaintiff that it is obligated to pay the tax on the 17 cases.

Plaintiff's complaint brought under 36 M.R.S.A. Section 4378, appeals the Assessor's decision and requests the refund of the value of the affixed stamps and a declaration that plaintiff is exempt from paying a tax on the unstamped cases. The matter comes to us from the Superior Court on Report.

The primary issue becomes one of whether the Legislature intended Chapter 703 to impose a tax upon cigarettes which

held in this State by any person for sale" —is not contradicted by any other portion of the statute.

While the distributor is not required to affix the stamps until just before sale, if he chooses, this does not establish that the time of sale is the taxable event—the affixing of the stamp is only the indicia of payment of the tax. Section 4365. The fact that Section 4370 prohibits the distributor from *selling* and all other people from *selling* or *possessing* unstamped cigarettes (except for the dealers 72 hours period of grace) is merely a recognition of the distributor's privilege of delaying stamping until any time before sale. The variation in the time at which the stamps are required to be affixed by distributor and dealer represents the Legislature's acceptance of the practices and exigencies of merchandizing. The fact that Section 4382 provides that the tax paid by the distributor is ultimately assumed by the consumer does not impress us as indicating an intent that a tax on *sales* is imposed.

The Pennsylvania Court in a case similar to ours, recently considered the significance of the section of its statute which requires only that the stamps be affixed at sometime before sale and the section which requires that the tax paid by the distributor shall ultimately be added to the purchase price of the cigarettes, saying:

"Neither of these sections help him [the distributor] in any way. The affixing of stamps to each package of cigarettes merely furnishes the proof that the tax was paid and had nothing to do with the imposition or assessment of the tax and, of course, the place where the tax eventually rests has nothing to do with the duty to collect it and to pay it over to the Commonwealth." N. Tilli & Sons, Inc. v. Commonwealth of Pennsylvania, 420 Pa. 28, 215 A.2d 653 (1966).

While the language of the Pennsylvania statute declares that a tax is imposed on the "sale or possession of cigarettes" (as contrasted with our own language "held

* * * for sale") the Court found that the Legislature's intent was to make possession the taxable event.

Our conclusion that our Chapter 703 imposes a tax on possession leads us to the question of whether the Legislature intended to relieve the distributor from payment of the tax on cigarettes which had been stolen while in his possession. Our statute (Section 4367) makes no precise declaration as to this but recognizes that circumstances may justify reimbursement to the distributor or dealer for stamps which he has but cannot use and directs the Assessor to *redeem* unused stamps or those affixed to packages of cigarettes "which have become unfit for use and consumption, or unsalable." We consider it significant that the Legislature failed to make any provision for refunding either distributor or dealer for *stolen* cigarettes.

Section 4379 reads in part:

"The Tax Assessor may prescribe regulations and rulings, not inconsistent with law, to carry into effect this chapter, which regulations and rulings, when reasonably designed to carry out the intent and purpose of this chapter, shall be prima facie evidence of its proper interpretation."

We have recognized the propriety of the Legislature's delegating to an administrative agency the power to make reasonable rules and regulations to carry into effect legislation involving complex procedures. Sampson-Sawyer Co. v. Johnson, 156 Me. 544, 553, 167 A.2d 1 (1960). Acting under this authority the Tax Assessor made certain regulations which furnish procedure for refund for unused stamps and for stamps which have been affixed to cigarettes which have become unusable. The regulations also excuse tax liability on cigarettes rendered unsalable by fire or other casualty and on cigarettes totally destroyed by fire or other casualty "provided adequate substantiation can be made of such losses."

The regulations established by the Commissioner specifically disallow refunds for *stolen* stamped cigarettes and exclude any escape from tax liability for stolen unstamped ones.

Regulation 1, paragraph 2:

"\* \* \* Refund will *not* be made for stamps lost or stolen, nor for stamps or meter impressions affixed to cigarettes lost or stolen. \* \* \*"

Regulation 5, paragraph 2:

"Tax will apply to cigarettes stolen from any distributor or dealer, or otherwise unaccounted for. No refund of tax will be made in the case of such stolen or unaccounted for cigarettes."

Paying for a dead horse is traditionally recognized as a lamentable experience. The addition of a tax liability understandably compounds the owner's distress and the Legislature and the Assessor have not been unsympathetic with the taxpayer's plight in such situations. They apparently concluded that adequate procedures to safeguard the public interest are possible so as to permit redemption when burned or unsalable cigarettes are involved but that such is not the case with stolen cigarettes. Reasonable regulations which distinguish between cigarettes which have been proved to have been destroyed by fire and stolen cigarettes which still exist somewhere and which presumably will eventually appear in the market are justified by policy considerations and enforcement demands.

The Assessor's regulations denying relief from liability for the tax on stolen cigarettes are not inconsistent with the language of the statute which imposes a tax on cigarettes "held \* \* \* for sale" and we conclude that they are reasonably designed to carry out the purposes of Chapter 703. They, like the statute, place the responsibility for tax upon the distributor as soon as the cigarettes come into his possession for sale.

This being so, his responsibility appears to be no less for the 17 unstamped cases than for the ones for which he had already met his obligation by affixing the stamps. While it is unlikely that the stolen unstamped cases will appear in the legitimate market until someone has paid the tax, the possibility that all tax will be avoided by their illegal sale is one of the evils which the Assessor may anticipate and guard against. The regulation denying relief from the tax liability to distributors whose unstamped cigarettes have been stolen is not inconsistent with law and reflects the Assessor's conclusion that proper administration of the tax laws requires that the distributor be held accountable for the tax.

The entry will be:

Judgment for the Defendant.