335 A.2d 636.

DANIELS TOBACCO CO., INC. *vs.* JOHN H. NORBERG,
*Tax Administrator.*

APRIL 18, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. The State Tax Administrator filed a petition for certiorari under G. L. 1956 (1969 Reenactment) §42-35-16, as amended by P. L. 1972, ch. 169, §30, seeking review of a judgment entered by a Superior Court justice in the case of *Daniels Tobacco Co., Inc.* v. *John H. Norberg, Tax Administrator,* C.A. No. 73-139 which reversed in part and sustained in part a decision of the tax administrator assessing a tax under the Cigarettes and Tobacco Products Tax Act against Daniels Tobacco Co., Inc., a Rhode Island taxpayer. The taxpayer filed a cross-petition for certiorari seeking review of the same judgment. We granted the writ in each case, and pursuant thereto, the pertinent records have been certified to this court. The cases were ordered consolidated for hearing before this court.

The record discloses that on February 2, 1972, the taxpayer, a distributor of cigarettes and tobacco products, sustained a loss by theft of 284 cases of cigarettes. The tax administrator, acting pursuant to G. L. 1956 (1970 Reenactment) §44-20-12, assessed a tax on the stolen cigarettes in the amount of $21,733.16. At an administrative hearing requested by the taxpayer, evidence was produced indicating that approximately 70 percent of the stolen cigarettes were destined for out-of-state sale. The administrator rendered a final decision affirming the as-

sessment against the taxpayer in the amount of $21,733.16. As required by statute, the taxpayer paid the tax and appealed the assessment to the Superior Court under §42-35-15 of the Administrative Procedures Act. The parties filed legal memoranda, and after oral argument a Superior Court justice entered a final judgment on August 22, 1973, reversing the administrator's assessment of taxes as it related to cigarettes held by the taxpayer for distribution outside Rhode Island, affirming the administrator's assessment of taxes as it related to cigarettes held by the taxpayer for distribution in Rhode Island, and ordering a refund to the taxpayer in the amount of $15,321.88. The court denied the taxpayer's motion for an award of interest on the amount of taxes determined to have been erroneously assessed.

The Superior Court justice held that §44-20-12(1) and §44-20-28 indicate a legislative intent to make the introduction of cigarettes into the state a taxable event, but that §44-20-12(1) imposes a tax only on cigarettes sold in Rhode Island or held for sale in Rhode Island. Thus a tax could be imposed only on that portion of the cigarettes that were being held for sale in Rhode Island on the date they were stolen. The administrator contends that the Superior Court erred when it ordered a refund in the amount of $15,321.88 on the tax assessed on cigarettes which were destined for distribution outside Rhode Island.

The trial justice in reviewing §44-20-12 felt that the difference in language used in paragraph (1) and paragraph (2) indicated a legislative intent that something other than the holding of cigarettes in Rhode Island was necessary for the imposition of a tax on cigarettes. The administrator contends that the different language in paragraph (2) concerning liability for the tobacco products tax is the result of a different process of taxation, but

that both taxes are levied on the mere possession of the article in the state.

It seems to us that if the Legislature had intended to tax the *possession* of all cigarettes the word possession would have been applied to cigarettes as it was applied to tobacco products. Furthermore, from a reading of other statutory sections applicable to cigarettes, it appears that cigarettes to be sold out of Rhode Island are not to be taxed. For example, §44-20-22 provides for reimbursement of the distributor where a manufacturer withdraws from the market in this state cigarettes which have already been taxed. Likewise, §44-20-23 enables the administrator to authorize any person to purchase the requisite cigarette stamps if that person manufactures or ships cigarettes into the state for sale in this state.

As we read §44-20-12(1) and §44-20-12(2) it is plain to us, as it was to the trial justice, that the clear intention of the Legislature was to impose a tax on the tobacco products that were possessed in Rhode Island by any person for the purpose of sale and to impose a tax on cigarettes sold in Rhode Island or held for sale in Rhode Island. The Superior Court judgment ordering a refund on the tax assessed on cigarettes destined for distribution outside Rhode Island should therefore be sustained.

The taxpayer asserts that the Superior Court justice erred when he refused to order a refund on the tax assessed on cigarettes which were stolen before they were shipped or delivered to customers in Rhode Island. The taxpayer argues that unlike §44-20-12(2)(3) which levies a tax on tobacco products, §44-20-12(1) does not make a distributor liable for the imposition of the cigarette tax, and that furthermore §44-20-53 states that cigarette taxes are a direct tax on the consumer, precollected for convenience only.

The taxpayer overlooks §44-20-28, which requires a distributor to affix tax stamps to all cigarettes he distributes. In addition, the mere fact that the ultimate economic burden of a tax is on the consumer does not determine the legal incidence of the tax. *See Ferrara* v. *Director, Div. of Taxation,* 127 N. J. Super. 240, 317 A.2d 80 (1974).

Section 44-20-12(1) imposes a tax on all cigarettes sold or held for sale in the state. Under the statute the *holding* of cigarettes for sale in the state triggers the tax. This interpretation is reinforced by §44-20-28, which allows a distributor to affix the tax stamps evidencing payment of the cigarette tax anytime before the cigarettes leave his possession. Moreover, there is no provision in this chapter for refunds of taxes paid on cigarettes which have become unfit for use or for some reason unsaleable, in contrast to the specific provision made for refunds of taxes paid on tobacco products. (See §44-20-49)

We determine that the legislative intent in enacting §44-20-12(1) was to place the risk of loss of cigarettes on the distributor and not on the state. To follow the taxpayer's theory would require the court to create an exception to the expressed statutory language. This we are not prepared to do, since we believe such an exception, if in fact desirable, should be obtained through legislative action. The Superior Court justice properly refused to order a refund on taxes paid on cigarettes stolen before they were sold or delivered to a customer in the State of Rhode Island.

The taxpayer asserts that the Superior Court justice erred when he denied the taxpayer's motion for interest on the amount of taxes erroneously assessed by the administrator. The parties concede that no specific statutory authority exists for an award of interest where a refund is awarded on a cigarette tax erroneously assessed.

The taxpayer argues that since he was required to pay

the taxes assessed by the administrator as a condition precedent to his judicial appeal, equity demands that he should be awarded interest on that portion of the taxes deemed to have been erroneously assessed. He points to §44-20-58, which provides that where it is determined that an assessment is incorrect the court may order a refund with interest at 6 percent per annum.

While conceding that the petition herein is not under the provisions of ch. 20 of title 44 but rather the provisions of the Administrative Procedures Act, the taxpayer argues that the legislative intent to award interest is evidenced by §44-20-58 regardless of the change in procedure effected by the Administrative Procedures Act.

The administrator, on the other hand, correctly points out that §44-20-58 applies only to taxes assessed on tobacco products and not on cigarettes, and that consequently no legislative intent has ever been evidenced to award interest on refunds of a cigarette tax found to have been erroneously assessed. The administrator argues that the only statutory authorities relevant to the payment of interest in the instant proceedings are §9-21-8, which provides for interest from the date of entry of the judgment, and §6-26-1, which sets the rate of interest on judgments at 6 percent. There is a division of authority on the question of whether interest should be paid on a refund ordered on taxes erroneously assessed in the absence of an express statutory provision. *See* Annot., 88 A.L.R.2d 823 et seq.; 71 Am. Jur.2d, *State & Local Taxation* §611 at 866 (1973); 84 C.J.S. *Taxation* §633 at 1271 (1954). Nevertheless, the intention of the Legislature must prevail where it is ascertainable.

In neither §44-20-48, now replaced by §42-35-15, nor §44-20-49, which relates to judicial review and to the refund of cigarette taxes, is there any provision for interest on refunds. In §44-20-58, however, which relates to judg-

ment on review of the assessment of the tobacco products tax, provision is made for interest at the rate of 6 percent on the amount refunded. With these sections in mind, we find it apparent that the Legislature clearly intended not to authorize interest to be awarded on a refund of cigarette taxes erroneously assessed.

The petition for certiorari in each case is denied and dismissed, the writs heretofore issued are quashed, and the records certified to this court are ordered returned with our decision endorsed thereon.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for plaintiff.

*Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Asst. Attorney General, *Perry Shatkin,* Chief Legal Officer, Taxation, for defendant.