■ In the Matter of Mandel Tobacco Co., Inc., Petitioner, v State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the imposition of a tax on cigarettes pursuant to article 20 of the Tax Law. Petitioner, a wholesale dealer in tobacco products, as a registered agent of the State Tax Commission, is authorized to affix tax stamps on cigarettes (Tax law, § 472). In a burglary of petitioner's premises, more than 32 cases of unstamped cigarettes were stolen. The sole issue herein is whether petitioner was properly held liable for the tax on those stolen cigarettes. The cigarette tax is imposed upon "all cigarettes possessed * * * for sale" (Tax Law, § 471, subd 1). While it is true that the "ultimate * * * liability for the tax shall be upon the consumer" (Tax Law, § 471, subd 2), the tax is clearly levied at the time the cigarettes are possessed for sale and, as such, we cannot say that respondent's determination is not supported by substantial evidence or that it is arbitrary or capricious. As a practical matter, to accept the petitioner's argument that the tax is not owing unless and until the stamps are physically affixed to the cigarettes would almost certainly encourage agents, in order to insure themselves against cigarette tax liability in the event of theft, to wait until the last minute before affixing the stamps. Such delay would, as respondent points out, hinder its inspection and enforcement efforts (see Lewiston-Auburn United Grocers v Johnson, 253 A2d 338 [Me]). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.

■ The People of the State of New York, Respondent, v Harrison Pierce Reed, III, Appellant.—Appeal from a judgment of the Courty Court of Albany County, rendered November 12, 1976, convicting defendant upon his plea of guilty of the crime of rape in the third degree and sentencing him to an indeterminate term of imprisonment with a maximum of three years. In pleading guilty to rape in the third degree, a class E felony (Penal Law, § 130.25, subd 2), the defendant admitted to a sexual relationship with a 12-year-old girl at a time when he was 29 years of age. On such facts, we find no abuse of discretion by the trial court in sentencing defendant to an indeterminate term with a three-year maximum, on a charge for which he could have been sentenced to four years. Therefore, the sentence should not be disturbed (People v Finke, 51 AD2d 1089; People v Dittmar, 41 AD2d 788). Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Larkin and Mikoll, JJ., concur.