OPINION OF THE COURT
David B. Saxe, J.
Plaintiff moves for partial summary judgment pursuant to *479 CPLR 3212 (e). Defendants New York State Tax Commission (State) and City of New York Department of Taxation and Finance (City) informally cross-move for summary judgment.
Plaintiff is a commercial lending corporation which advanced funds to Joseph Schrager, Inc. (Schrager), a wholesale distributor of cigarettes in the New York Metropolitan area. In return for advancing funds to Schrager, plaintiff received a security interest in Schrager’s general intangibles and proceeds thereof which was perfected on October 26, 1977. Plaintiff and Schrager then executed a supplemental security agreement which granted plaintiff a security interest in Schrager’s inventory. This security interest was perfected in March 1978. Schrager filed for bankruptcy in December 1978. Pursuant to an order of the Bankruptcy Court, plaintiff was permitted to liquidate Schrager’s inventory of cigarettes and establish two escrow accounts. The right to possession of these two escrow accounts is the subject of this action. Plaintiff requested and received permission from the Bankruptcy Court to commence this action for a declaratory judgment on April 15, 1980.
Plaintiff’s right to possess 1 of the 2 escrow accounts is challenged by both the State and the City. One of these escrow accounts consists of the proceeds from the sale of inventory covered by plaintiff’s security interests. Manufacturers of the cigarettes sold to Schrager did at one time claim an interest in this inventory but have not presented opposition to plaintiff’s motion for partial summary judgment. The second escrow account includes the proceeds of the sale of the tax stamps affixed to the cigarette boxes. Both the State and the City claim an interest in this account which is superior to plaintiff’s.
Pursuant to section 473 of the Tax Law and title D of chapter 46 of the Administrative Code of the City of New York, cigarettes may not be sold in New York State and City without a tax stamp affixed to it. Pursuant to section D46-4.0 (b) of the Administrative Code and section 472 of the Tax Law, Schrager was an agent of the City and State for the collection of the cigarette tax through the act of affixing the tax stamps. Schrager was required to post a bond in order to maintain its status as an agent and also to apply for a license to operate as a wholesaler of cigarettes (State of New York v Peerless Ins. Co., 108 AD2d 385, affd 67 NY2d 845). In addition, pursuant to section 472 of the Tax Law, the State allowed Schrager 30 days in which to pay for the tax stamps. While the City and State did extend this credit to Schrager, Schrager paid for *480 several series of these tax stamps with checks which were subsequently dishonored. Between November and December 1978, the State issued four notices of determination of tax due against Schrager.
Plaintiff contends that since its security interest attached as of March 1978, it has priority over the State and City tax deficiencies. Plaintiff contends that the tax stamps fit within the definition of an accession under UCC 9-314. Plaintiff contends that since the tax stamps are permanently affixed to the cigarette container and since cigarettes cannot be sold without the stamps, these stamps are covered by plaintiffs prior perfected security interest. Both the City and the State contend that the tax stamps do not fit within the definition of an accession and are not covered by plaintiffs security interest.
Pursuant to UCC 9-204 (1), a security interest attaches when "there is agreement * * * that it attach and value is given and the debtor has rights in the collateral.” The issue presented by this case is whether or not Schrager had an interest in the tax stamps to which plaintiffs security interest could attach. Tax stamps have no intrinsic commercial value. Pursuant to section D46-4.0 (b) of the Administrative Code of the City of New York and section 472 of the Tax Law, Schrager was an agent of the City and State for the purposes of the collection of the cigarette tax. Thus, Schrager was at most a collection agent for the City and State and received a commission for his labor. As such, Schrager did not possess the type of rights in the collateral which could be pledged to a third party without permission of the owner of the collateral (see, Reguera v Calderon, 27 AD2d 371, affd 20 NY2d 919). The City and State did not give Schrager permission to pledge the stamps as collateral to plaintiff. As the court noted in Matter of Sea Lar Trading Co. v Michael (107 Misc 2d 93, read on other grounds 94 AD2d 309), the business carried on (here by Schrager) was for the benefit of the State and the City and not for the benefit of Schrager. In addition, the ultimate incidence for the payment of the tax is on the consumer (see, Tax Law § 471 [2]). Thus, given the structure of the tax law and the nature of Schrager’s role, it cannot be said that Schrager had rights in the tax stamps which could be subject to a security interest by a third party such as the plaintiff.
Accordingly, plaintiffs motion for summary judgment declaring it the owner of the two escrow accounts is denied as to the escrow account which includes the proceeds of the sale of *481 tax stamps. Plaintiffs motion for summary judgment declaring it the owner of the escrow account which includes the proceeds of the sale of the cigarette inventory is granted. The escrow account which includes the proceeds of the sale of the tax stamps is to be divided between the New York State Tax Commission and the City of New York Department of Taxation and Finance in proportion to the taxes owed to each.
Settle order with recommendations as to the amount of tax revenue to be divided between the City and State.