In the Matter of LEONARD SCHWARTZ, Doing Business as GLOBE WHOLESALE COMPANY, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [643 NYS2d 761] —Mikoll, J. P.

Petitioner owns and operates Globe Wholesale Company, a wholesale dealer and distributor of cigarettes (*see*, Tax Law § 470 [8]; 20 NYCRR 330.2 [h] [1]) and other products to retailers or subagents in New York. As a tax agent for New York City and the State, petitioner purchases and affixes stamps to packages of cigarettes in his inventory (*see*, Tax Law § 470 [11]; 20 NYCRR 330.2 [g] [1]), which stamps evidence payment of the cigarette tax (*see*, 20 NYCRR 330.2 [b]). The retailers or subagents pay the tax to petitioner upon their purchase of the cigarettes from him and, in turn, recoup the tax upon their sale of the cigarettes to a subsequent subagent or consumer (*see*, Tax Law § 471 [3]; 20 NYCRR 334.1 [b] [1], [2] [i]).

Approximately 61 rolls of tax stamps purchased by petitioner and unaffixed to cigarette packages were found missing and unaccounted for by an auditor of the Division of Taxation. A

police investigation indicated that the stamps may have been stolen. Petitioner filed a claim for reimbursement of the tax paid in the sum of $699,973 or replacement of the stamps, or in the alternative a refund of its "erroneous" payment of cigarette tax or a redemption of the stamps. The claim was denied.

The claim was then appealed to the Division of Tax Appeals. Following a hearing, an Administrative Law Judge (hereinafter ALJ) denied the claim. Exceptions were filed with respondent Tax Appeals Tribunal which, following a hearing, *inter alia*, affirmed the decision of the ALJ. The Tribunal concluded that there was no statute entitling petitioner to a refund, nor any authority in statute or regulation for redemption of lost stamps. Petitioner then commenced the instant proceeding in this Court for review of the Tribunal's determination.

The determination of the Tribunal is rational and should be confirmed (*see, Matter of F & W Oldsmobile v Tax Commn.*, 106 AD2d 792, 793). As petitioner has not demonstrated that the Tribunal's determination is erroneous, arbitrary or capricious, it should not be disturbed (*see, supra; see also, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y.*, 170 AD2d 842, 844, *lv denied* 78 NY2d 859).

Petitioner's first contention, that the Tribunal erred in determining that petitioner had acquired title to the tax stamps because an agent acquires neither title to a principal's property nor any risk of loss as long as the agent manages the property with reasonable care, is without merit. The Tribunal based its decision that petitioner was not entitled to a refund, replacement or redemption of the missing stamps on its conclusion that no statute or regulation authorized such action and not, as petitioner claims, on its finding that the stamps were stolen without any fault of petitioner. The Tribunal found that the location of title was not determinative of the case and, while the Tribunal stated that the stamps were stolen without fault on the part of petitioner, the ALJ had expressly noted that "the same [could not] be said of his employees". Thus, risk of loss is an irrelevant issue and petitioner's reliance on the fact that arguments advanced by the Tribunal's predecessor, the State Tax Commission, in *Lincoln First Commercial Corp. v New York State Tax Commn.* (136 Misc 2d 478 [decided by the Tribunal's predecessor, the State Tax Commission]) are contrary to its position in this case is misplaced. The cases are factually distinguishable in that in *Lincoln* the wholesaler's checks were dishonored and it therefore never paid for the cigarette tax stamps. Further, the statements of the State Tax Commission in *Lincoln* were evidentiary and not binding on it in a subsequent case.

Petitioner's argument that the Division exceeded its statutory authority in denying his claim for a refund or replacement of the missing stamps and requiring petitioner to pay a tax on cigarettes never in his possession is rejected. Petitioner's assertion that the Tribunal misread *Matter of Mandel Tobacco Co. v State Tax Commn.* (58 AD2d 930, *lv denied* 43 NY2d 645), where this Court confirmed the imposition of the tax on cases of stolen cigarettes to which no stamps had been affixed, is incorrect. The *Mandel* Court opined that "to accept the petitioner's argument that the tax is not owing unless and until the stamps are physically affixed to the cigarettes would almost certainly encourage agents, in order to insure themselves against cigarette tax liability in the event of theft, to wait until the last minute before affixing the stamps" (*supra,* at 930). This proposition applies as well to the present situation where the tax stamps are missing through no fault of the Division. A refund in either case would remove any incentive of the tax agents to properly protect the stamps. Moreover, petitioner's established practice was to purchase the stamps prior to his receipt of the cigarettes.

Petitioner's contention that the Tribunal's affirmance of the ALJ's determination violates statutory provisions placing ultimate liability for the tax on consumers is not persuasive. If the refund was granted to petitioner, the Division, not the consumer, would bear the tax liability for the missing stamps. Accordingly, the Tribunal rationally concluded that petitioner should bear the cost of purchasing additional stamps and is not entitled to a refund or replacement.

Also unpersuasive is petitioner's argument that the Tribunal's determination upheld an act which exceeded the Division's statutory authority because it required petitioner to pay a tax where no taxable transaction occurred or, alternatively, the Tribunal endorsed double taxation requiring the petitioner to pay the same tax twice. The tax was lawfully and properly paid when petitioner, as agent, paid the tax in advance for cigarettes he expected to receive (*see,* Tax Law § 471 [2]). The denial of petitioner's claim does not involve double payment for the same stamps or cigarettes and cannot be characterized as double taxation (*see, Matter of Mandel Tobacco Co. v State Tax Commn., supra*).

Petitioner's claim that he is entitled to a refund because the tax was paid in error similarly lacks merit. The payment was not made in error (*see,* Tax Law § 476; *see also,* 20 NYCRR 337.1 [c]). The stamps were properly purchased and subsequently disappeared through no fault of the Division.

Lastly, petitioner's argument that the stamps were lawfully purchased but, as a result of the loss, can no longer be affixed to petitioner's cigarette packages and are therefore subject to redemption pursuant to 20 NYCRR 337.2 (a) (3) also fails. The cited regulation expressly requires that the stamps to be redeemed be in "the possession" of the person seeking redemption (20 NYCRR 337.2 [a]) and "[a]ll unused stamps for which an application for redemption is filed must accompany the application" (20 NYCRR 337.2 [b]). Accordingly, the Tribunal's decision should be confirmed (*see, Matter of F & W Oldsmobile v Tax Commn.*, 106 AD2d 792, 793, *supra; Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y.*, 170 AD2d 842, 844, *supra*).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.