14-3793-ag
*City Line Candy & Tobacco Corp. v. Commissioner of Internal Revenue*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           REENA RAGGI,
                    *Circuit Judges.*

---

CITY LINE CANDY & TOBACCO CORPORATION,

       *Petitioner-Appellant,*                14-3793-ag

       v.

COMMISSIONER OF INTERNAL REVENUE,

       *Respondent-Appellee.*

---

**FOR PETITIONER-APPELLANT:**          FELIPE (PHILIP) E. ORNER, Flushing, New York

**FOR RESPONDENT-APPELLEE:**          JACOB EARL CHRISTENSEN (Teresa E. McLaughlin, *on the brief*), Tax Division, U.S. Department of Justice, *for* Caroline D. Ciraolo, Acting Assistant Attorney General, Washington, D.C.

Appeal from a July 16, 2014 decision of the United States Tax Court (L. Paige Marvel, *Judge*).

   **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of July 16, 2014 of the Tax Court be and hereby is **AFFIRMED**.

   Petitioner-Appellant City Line Candy & Tobacco Corp. ("City Line") challenges a decision of the Tax Court finding deficiencies in income tax due for tax years 2004 and 2006. City Line raises five issues on appeal: (1) whether it qualifies for the "small reseller" exception to the uniform capitalization rules of I.R.C. § 263A; (2) whether its tax stamp purchases were deductible selling expenses; (3) whether it incurred a net operating loss in 2005, which it could carry back to reduce its deficiency for 2004; (4) whether it may be awarded litigation costs and fees; and (5) whether it is entitled to an abatement of interest due. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## 1. The "Small Reseller" Exception

   New York State imposes an excise tax on cigarettes, which it collects by requiring that all cigarettes "possessed … for sale" bear a state-issued tax stamp. N.Y. Tax Law § 471(1) (McKinney 2010); *see id.* § 472.[1] The State distributes stamps via licensed stamping agents, such as City Line, who buy stamps, affix them to unstamped packages of cigarettes, and sell the stamped packages to retailers or other wholesalers. The price of the stamped package must include the cost of the stamp. *Id.* § 471(3).

   City Line argues that the Tax Court erred by calculating its gross receipts based on its total revenue—including the part attributable to tax stamps—and not solely the price of the cigarettes themselves. Whether we include the stamps' value determines whether City Line's gross receipts exceed the threshold for the "small reseller" exception to the uniform capitalization rules of § 263A. *See* I.R.C. § 263A(b)(2)(B).

   Treasury regulations define gross receipts as "the total amount, as determined under the taxpayer's method of accounting, derived from all of the taxpayer's … businesses." Treas. Reg. § 1.263A-3(b)(2)(i). We review the Tax Court's interpretation of that regulation *de novo. See Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 183 (2d Cir. 2013).

   City Line's own financial accounting included the stamps in its gross receipts, and the Tax Court rightly found that City Line has failed to show why its tax accounting should differ. *Cf.*

---

[1] New York City imposes an additional tax, which it collects via joint city-state stamps. N.Y.C. Admin. Code § 11-1302; N.Y. Comp. Codes R. & Regs. tit. 20, § 74.1(d) (2015).

*Scheidelman v. Comm'r*, 755 F.3d 148, 154 (2d Cir. 2014) (noting that "a taxpayer bears the burden of proving entitlement" to a deduction). Although § 1.263A-3(b)(2)(ii) lists several items that taxpayers may exclude from gross receipts, that list does not mention taxes. Nonetheless, City Line suggests that taxes fall within § 1.263A-3(b)(2)(ii)(F), which excludes "[r]eceipts from any activity other than a trade or business or an activity engaged in for profit," because City Line merely collects the cigarette tax as a fiduciary for the State. Even if City Line had not waived this argument by failing to raise it below, *see Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994), it would lack merit. Cigarette stamps are an essential ingredient in City Line's wholesaling business; City Line chose to become a licensed stamping agent rather than merely a wholesaler; and City Line receives a commission for its stamping services, *see* N.Y. Tax Law § 472(1), a source of revenue in themselves.

Finally, City Line argues that its gross receipts should exclude stamp revenue because the tax's incidence falls on the consumer. City Line fails to cite any authority for this proposition; and in any case, New York law holds both consumers and resellers responsible for the tax. *Compare* N.Y. Tax Law § 471(2), *with Schwartz v. Tax Appeals Tribunal of State of N.Y.*, 643 N.Y.S.2d 761 (3d Dep't 1996), *and Mandel Tobacco Co. v. State Tax Comm'n*, 397 N.Y.S.2d 23 (3d Dep't 1977). We therefore conclude that the Tax Court correctly included the value of stamps in City Line's gross receipts, and that the uniform capitalization rules of § 263A apply.[2]

## 2. The Application of § 263A to City Line's Stamp Purchases

Having determined that the uniform capitalization rules apply, we must next determine whether they permit City Line to deduct the cost of stamps as an expense or require City Line to capitalize them as an indirect cost. We review *de novo* the question of whether an expenditure is deductible under § 263A.[3] *See Diebold Found.*, 736 F.3d at 183; *Robinson Knife Mfg. Co. v. Comm'r*, 600 F.3d 121, 124 (2d Cir. 2010). Because "deductions are exceptions to the norm of capitalization," courts construe them strictly, and a taxpayer bears "the burden of clearly showing the right to the claimed deduction." *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992) (internal quotation marks omitted).

Section 263A requires taxpayers to capitalize certain indirect costs properly allocable to

---

[2] City Line's argument that it should be excepted from compliance with the uniform capitalization rules of § 263A because of its *de minimis* production activities is similarly unavailing. For that exception to apply, a taxpayer must be both (1) a small reseller *and* (2) a *de minimis* producer, Treas. Reg. § 1.263A-3(a)(2)(ii). As discussed above, City Line is not a small reseller.

[3] The Commissioner urges us to treat this issue as "a question of fact reviewable for clear error." Appellee's Br. 52. Because we uphold the Tax Court's decision even under a less deferential standard of review, we need not address the Commissioner's argument.

property acquired for resale. Indirect costs are properly allocable to property acquired for resale, and thus must be capitalized, when they "directly benefit or are incurred by reason of … resale activities." Treas. Reg. § 1.263A-1(e)(3)(i)(A). That definition expressly includes certain taxes. *Id.* § 1.263A-1(e)(3)(ii)(L).

City Line offers three arguments for treating its stamp costs as deductible, which contradict each other and fail independently. City Line first suggests that the stamps were actually a direct cost. Even if that were true, it would not change the outcome, since direct costs must also be capitalized. I.R.C. § 263A(a)(2)(A). Alternatively, City Line argues that the stamps qualify as a deductible selling expense. *See* Treas. Reg. § 1.263A-1(e)(3)(iii)(A). But "the regulations specifically list [taxes] as" an example "'of indirect costs that must be capitalized to the extent they are properly allocable to … property acquired for resale.'" *Robinson Knife*, 600 F.3d at 129 (quoting Treas. Reg. § 1.263A–1(e)(3)(ii)). To accept City Line's contention "would effectively read the word ['tax'] out of the relevant regulation." *Id.*

Finally, City Line argues that *Robinson Knife* permits the deduction of indirect costs tied directly to sales. *Robinson Knife* interpreted § 1.263A-1 as including two limitations on the requirement that indirect costs be capitalized. First, the case requires capitalization only of costs that are a "but-for cause" of the taxpayer's production or sales activity. *Robinson Knife*, 600 F.3d at 131-32. This causation test is easily satisfied here, since City Line's cigarette sales would have been illegal but for the stamps, and the Tax Court found that City Line's stamping activity was an integral part of its resale activity. Second, *Robinson Knife* permitted the deduction of costs that "are (1) calculated as a percentage of sales revenue from certain inventory, and (2) incurred only upon sale of such inventory." *Id.* at 129. [4] City Line's situation fails the second prong. Under New York law, City Line became liable for the cigarette tax as soon as it *offered* the cigarettes for sale, not when it sold them.[5] Accepting City Line's reading would permit it to take an *immediate* deduction for costs associated with *future* sales—precisely the kind of temporal mismatch § 263A seeks to avoid. *See id.* at 130.

---

[4] The IRS amended § 1.263A-1 after *Robinson Knife* to include the capitalization of indirect costs that "are determined by reference to the number of units of property sold, or are incurred only upon the sale of inventory." § 1.263A-1(e)(3)(1)(i)(A) (2014); *see* 79 Fed. Reg. 2094-01 (Jan. 13, 2014); 75 Fed. Reg. 78940-01 (Dec. 17, 2010). The revised regulations were not effective during the events at issue here.

[5] Strictly speaking, City Line also fails the first prong: *Robinson Knife* embraces only expenses "calculated as a *percentage* of sales revenue," but New York assesses a tax *per package. Robinson Knife*, 600 F.3d at 129 (emphasis supplied). *But cf.* 79 Fed. Reg. 2094-01 (Jan. 13, 2014) (revising § 1.263A-1(e)(3)(i) to apply to costs calculated per unit or as a percentage of revenue).

**4. Costs, Fees, and Abatement of Interest**

City Line cites no authority for its claims for fees, costs, and abatement of interest. I.R.C. § 7430 is the most likely basis for an award of costs, but City Line has failed to file a motion for costs below, as § 7430 and Tax Court Rule 231 require. City Line has similarly failed to allege compliance with I.R.C. § 6404(e), which authorizes abatement of interest. In particular, we see no evidence that the Secretary of the Treasury has issued a final determination on the issue, which means that the Tax Court, and by extension this Court, lack jurisdiction over the issue. *Comm'r v. McCoy*, 484 U.S. 3, 6 (1987); *cf. Kim v. Comm'r*, 679 F.3d 623, 627 (7th Cir. 2012).

## CONCLUSION

We have reviewed City Line's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the decision of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5