■ In the Matter of F & W OLDSMOBILE, INC., Petitioner, v TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for refund of penalties and interest imposed for failure to timely pay sales and use taxes.

Petitioner, engaged in the sale and servicing of new and used automobiles, filed sales and use tax returns for December, 1979 and January, February and March, 1980 without remitting $108,507.41 due for said months. On October 23, 1980, the business was sold and $110,000, representing all unpaid taxes and a portion of unpaid penalty and interest, was remitted to the Department of Taxation and Finance. The unpaid balance of penalty and interest was subsequently paid under protest, and an application for refund of $16,742.72 was made on the basis that petitioner had no intent to thwart or unnecessarily delay timely payment of taxes due. Both the department and respondent, after a hearing, denied the refund application, giving rise to this proceeding.

It is clear that a penalty and interest were required to be imposed when the taxes due were not paid. The language of the

statute uses the mandatory "shall" rather than the permissive "may" (see Tax Law, § 1145, subd [a], par [1], cl [i]). The sole issue is whether petitioner's financial condition, impaired by high mortgage interest rates and the depressed automobile industry, can constitute reasonable cause for failure to timely pay over sales and use taxes which it collected, thereby permitting respondent to order remission of penalties (Tax Law, § 1145, subd [a], par [1], cl [i]; 20 NYCRR 536.1 [a]). Reasonable cause, which is defined in 20 NYCRR 536.1 (b), does not include financial inability or the need to use the taxes collected for other more pressing obligations. In a similar factual pattern, the Court of Appeals rejected an employer's petition to be relieved from penalty for failure to pay over withholding taxes and defined the word "willful", as used in the Tax Law, as follows: "the test is whether the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds belonging to the Government will not be paid over but will be used for other purposes [citations omitted]. No showing of intent to deprive the Government of its money is necessary but only something more than accidental nonpayment is required [citations omitted]" (*Matter of Levin v Gallman,* 42 NY2d 32, 34).

Essentially, we are asked to set aside the determination made in the exercise of respondent's discretionary power. The judicial function in reviewing determinations of respondent is limited, and if there are any facts or reasonable inferences from the facts to sustain it, the court must confirm respondent's determination (*Matter of Bachman v State Tax Comm.,* 89 AD2d 679). We may not substitute our discretion for that of the agency. Thus, unless shown to be erroneous, arbitrary or capricious, the determination will not be disturbed (*Matter of Liberman v Gallman,* 41 NY2d 774; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196). Examination of the record in this case demonstrates that the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.