*1009 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified to direct that the second decretal paragraph of the judgment read "is imposed by the statute upon the overall cooperative plan except as the Article exempts transfer of shares in the cooperative pursuant to a written subscription agreement entered into prior to March 28, 1983, the effective date of the Article,” and, as so modified, should be affirmed, with costs.
Plaintiffs in this declaratory judgment action seek to establish that the transfer of real property underlying a cooperative corporation plan (the Gerard Towers transaction) is the taxable event under Tax Law article 31-B and that, therefore, transfers under the plan are exempt from tax. Special Term granted judgment declaring the taxable event to be the transfer of shares of stock by the cooperative corporation, and the Appellate Division affirmed.
In interpreting article 31-B we are guided by what the Legislature intended. The necessary implication of section 1443 (6), which exempts from its tax on real property a transfer after the effective date of the act because made pursuant to a written contract entered into before its effective date, is that the transfer of shares as part of a cooperative plan (which is the only way a cooperative corporation can transfer an interest in real property) is taxable. That construction is supported by the exception in section 1440 (7) of transfers pursuant to a cooperative or condominium plan, and by section 1442 fixing the date of a transfer under a cooperative plan. That the latter section deals with payment of the tax is not inconsistent with construing the over-all transaction as taxable; it merely demonstrates that although for purpose of computation of the tax the cooperative conversion is treated as a single transfer, it is not to be so treated with respect to date of payment, just as it would not be so treated with respect to exemption from tax (§ 1443 [6]).
Finally, plaintiffs argue that the addition to Tax Law § 1440 (7) by Laws of 1984 (ch 900, § 4) of a sentence reading, "For purposes of this article, transfers pursuant to a cooperative plan shall include all transfers of stock in a cooperative corporation which owns real property”, coming as it did after Special Term’s decision in the instant case, must be construed as indicating that as originally enacted in 1983 the transfer of cooperative shares was not the taxable event. The argument *1010 would have greater force had Special Term not decided that under the 1983 enactment the transfer of shares was the taxable event. For, as we held in Matter of Eastern Milk Producers Coop. Assn. v State of New York Dept, of Agric. & Mkts. (58 NY2d 1097, 1101): "Amendment of a statute, without more, does not require a change in its judicial construction. In view of the fact that the statute in its original form can be so read, the amendment must be regarded as but a legislative amplification of its previous intent.” Clearly this was so here for the State Executive Department Memorandum which accompanied the bill that became chapter 900 stated that one of its purposes was to clarify the gains tax treatment of cooperative conversions (1984 McKinney’s Session Laws of NY, at 3457).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to appellants.