In the Matter of LT & B REALTY CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. (And Three Other Related Proceedings.)

Third Department, October 27, 1988

## APPEARANCES OF COUNSEL

*Rosenfeld, Fischbein, Bernstein & Tannenhauser (Frederick S. Gold* and *Nancy R. Sills* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* and *Julie S. Mereson* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioners, J & M Realty Associates, B & K Realty Associates, LT & B Realty Corporation and 3720 Independence Realty Associates, are involved in real estate development. Each petitioner acted as a sponsor under a cooperative conversion plan and transferred real property in Queens or Bronx Counties to a cooperative housing corporation. Each plan was accepted for filing by the Attorney-General prior to the March 28, 1983 effective date of the real property transfer gains tax (L 1983, ch 15, § 184). Thereafter, shares in the cooperative housing corporations, and the corresponding living units, were transferred. On advice from Meyer Lieber, their accountant and tax adviser, petitioners failed to pay any transfer gains tax or to file any transfer gains tax returns for transfers occurring before the 1984 amendment to Tax Law § 1440 (7), which specifically subjected such transfers to the tax (L 1984, ch 900, § 4). Lieber believed that because the conversion plans were filed before the transfer gains tax's effective date, the preamendment transfers were not subject to the tax.

After hearing about a preamendment unreported Supreme Court decision holding that the transfer of shares issued pursuant to a cooperative conversion plan was subject to the transfer gains tax *(Mayblum v Chu,* Sup Ct, Queens County, May 11, 1984, Graci, J., *affd* 109 AD2d 782, *mod* 67 NY2d 1008), Lieber advised petitioners that, contrary to his earlier advice, the preamendment stock transfers for individual units were subject to transfer gains tax. Petitioners notified the Department of Taxation and Finance, which determined the amounts due. After petitioners paid the taxes and interest, they were served with notices of determination of penalties and interest due in connection with their untimely payments. Petitioners petitioned for abatements of the penalties on the ground that their reliance on Lieber's advice provided reason-

able cause for their failure to pay the transfer gains tax.* Following a consolidated hearing at which only Lieber testified on petitioners' behalf, respondent sustained the penalties on a finding of no reasonable cause. These CPLR article 78 proceedings, which have been transferred to this court for review, followed.

Tax Law § 1446 (2) (a) requires that a 10% penalty plus interest be imposed on taxpayers who fail to timely pay the transfer gains tax or file a transfer gains tax return. The statute requires respondent to abate the penalty and interest if it determines that the delay or failure was due to reasonable cause. This standard is not defined by the transfer gains tax law or supporting regulations, but it is defined by personal income and sales tax regulations (20 NYCRR 102.7, 536.5). Of course, the burden is on the taxpayer to demonstrate that a penalty was improperly assessed *(Matter of Bachman v State Tax Commn.,* 89 AD2d 679) and our review is limited to ensuring that respondent's determination is supported by substantial evidence and is not arbitrary or capricious *(Matter of S. H. B. Super Mkts. v Chu,* 135 AD2d 1048, 1050-1051; *Matter of F & W Oldsmobile v Tax Commn.,* 106 AD2d 792, 793).

Relying primarily on Federal precedent, especially dictum in *United States v Boyle* (469 US 241, 250-251), petitioners would essentially have us adopt a per se rule that consulting with and following the advice of a tax professional constitutes reasonable cause insulating a taxpayer from penalties. Such a rule is contrary to our prior decisions *(see, Matter of Bachman v State Tax Commn., supra; Matter of Petrolane Northeast Gas Serv. v State Tax Commn.,* 79 AD2d 1043, *lv denied* 53 NY2d 601; *Matter of Heist Corp. v State Tax Commn.,* 66 AD2d 499, *mod on other grounds* 50 NY2d 438), regulations (20 NYCRR 102.7 [d] [4]; 536.5 [c] [5] ["Ignorance of the law, however, will not be considered as a basis for reasonable cause"]) and common sense. To permit consulting with a tax professional to act as immunity to penalties would effectively remove the penalty provisions. Who would not seek the advice of a sympathetic tax expert? Rather than adopt such a per se rule, we believe it better to consider the particular facts of each case to

---

* We note that petitioner 3720 Independence Associates has not argued before us, as it did before respondent, that its delay in paying the transfer gains tax was attributable to a dispute with its managing agent which prevented it from obtaining necessary records. Thus, we shall not consider this argument.

determine whether respondent's determination of reasonable cause is supported within the limited scope of our review.

In this case, Lieber acknowledged that his specialty is Federal and State income tax and that he had discussed the transfer gains taxability of petitioners' transfers with petitioners' real estate attorneys, although he could not recall the attorneys' position. He also acknowledged that he probably learned of the Supreme Court decision upholding taxability from the attorneys, to whom he left it to contact the Department of Taxation and Finance for a determination of transfer gains tax due. The Department was apparently not contacted until September or October 1984, several months after the decision. Furthermore, Lieber admitted that petitioners' transfer gains tax filings after this matter have been handled poorly. It further appears that most of petitioners' principals are involved in the real estate business and had used the attorneys for other tax filings. Significantly, none of petitioners' principals or attorneys testified concerning their knowledge in these affairs or motivations for acting as they did. Considering the involvement by petitioners' attorneys, Lieber's specializing outside the transfer gains tax area and relying on the attorneys, and the lack of any proof beside Lieber's testimony, we conclude that this record supports respondent's determination. Petitioners failed to satisfy their burden of showing that the penalty was improperly assessed because they acted with reasonable cause.

CASEY, WEISS, MIKOLL and HARVEY, JJ., concur.

Determinations confirmed, and petitions dismissed, with costs.