■ In the Matter of MARTHA MELOHN et al., as Successor Trustees to JOSEPH MELOHN, Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. (And Another Related Proceeding.)—Mahoney, P. J. Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which sustained a real property transfer gains tax imposed under Tax Law article 31-B.

Petitioners, Emery Realty Company (hereinafter Emery) and Martha Melohn and Esther Oppenheimer, as successor trustees to Joseph Melohn (hereinafter Melohn), are involved in real estate development. Each petitioner acted as a sponsor under a cooperative conversion plan and transferred real property in New York County to a cooperative housing corporation. Each plan was accepted for filing by the Attorney-General prior to the March 28, 1983 effective date of the real

property transfer gains tax (L 1983, ch 15, § 184). Thereafter, shares in the cooperative housing corporations, and the corresponding living units, were transferred. In the case of Emery, 55 transfers occurred during October 1984 and 11 transfers occurred from November 1984 to May 9, 1985. In the case of Melohn, 52 transfers occurred during this period. On the advice of their tax professionals, petitioners failed to pay any transfer gains tax or to file any transfer gains tax returns. In October or November 1984, upon learning that the advice was inaccurate, the tax professionals so advised petitioners, who contacted the Department of Taxation and Finance to arrange for an audit to determine the transfer gains taxes due. The audit took some six months to complete, after which petitioners promptly paid the transfer gains tax and interest due.

Shortly thereafter, petitioners were served with notices of determination of penalties and interest due for their late payment of taxes. Petitioners filed petitions with respondent to abate the penalties and interest. At hearings, petitioners were represented by Meyer Lieber, an accountant who handled the transfer gains tax filings for petitioners, but who had not given petitioners the initial opinion concerning the transfers' taxability under the transfer gains tax. Lieber argued that petitioners' reliance on their tax professionals' advice constituted reasonable cause for the delay in payment and the penalties should be abated. At the conclusion of the Emery hearing, which occurred first, Lieber also indicated that the auditor advised him not to make any transfer gains tax filings until the audit was completed. Lieber argued that this advice constituted reasonable cause for at least those transfers occurring during the audit period. This argument was repeated during the Melohn hearing.

Respondent concluded that petitioners' reliance on their tax professionals' advice did not constitute reasonable cause to abate the penalties. But respondent determined that the failure to file and pay transfer gains tax for transfers during the audit period was based on the auditor's advice and constituted reasonable cause. Thus, respondent abated penalties imposed on Emery for the 11 transfers occurring after November 1, 1984. Respondent did not abate any of Melohn's penalties because no evidence was presented to establish which transfers occurred during the audit period. Petitioners commenced these CPLR article 78 proceedings to annul respondent's determinations. The proceedings have been transferred to this court for review.

Petitioners' penalty must be abated if their untimely filing

and payment of transfer gains tax is due to reasonable cause, a standard undefined by the transfer gains tax law and regulations and determined on a case-by-case basis *(see, Matter of LT & B Realty Corp. v New York State Tax Commn.,* 141 AD2d 185 [decided herewith]). It is petitioners' burden to establish that the penalties were improperly assessed and our review is limited to ensuring that respondent's determination is supported by substantial evidence and is not arbitrary and capricious *(supra)*. Petitioners do not argue before us that their reliance on tax professionals' advice constituted reasonable cause. Rather, petitioners contend that the auditor's advice not to make transfer gains tax filings until after the audit, which respondent found to constitute reasonable cause, related not only to transfers during the audit period, but to all transfers at issue. Petitioners thus argue that respondent should have abated all penalties.

The transcripts reveal that the tax auditor did not testify at the hearing. Thus, petitioners' sole support for abatement is Lieber's testimony and argument concerning the auditor's direction. During the Emery hearing, Lieber conceded "that the penalty should only be imposed for those transfers that took place on October 4th [1984] and within two weeks thereafter" and that "[a]ll subsequent transfers which took place during the period of time that I was conducting the audit with [the auditor] should not be subject to any penalty". During the Melohn hearing, Lieber broached this issue and, after some initial confusion, his position was summarized without objection as a "request that the * * * closings during the audit period be considered for abatement separately". These concessions, when considered in light of petitioners' burden and the lack of other evidence on this issue, constitute substantial evidence and a rational basis for respondent's determinations.

Determinations confirmed, and petitions dismissed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.