In the Matter of HARVEY AUERBACH, Appellant, v STATE TAX COMMISSION, Respondent.

Third Department, December 29, 1988

## APPEARANCES OF COUNSEL

*Berman & Freedman (Donald E. Freedman* and *Michael Kaufman* of counsel), for appellant.

*Robert Abrams, Attorney-General (Wayne L. Benjamin, Nancy A. Spiegel* and *Wayne L. Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J.

The facts in this case are not in dispute. On July 7, 1983, petitioner signed a contract to purchase land located in Suffolk County for $2,600,000. Thereafter, on July 20, 1984, petitioner assigned the contract to Steven Shulman and Mark Shulman (hereinafter the assignees). The assignment agreement set forth a total price to be paid by the assignees of the sum which, when added to the amount to be paid to the original contract vendor, would total $3,900,000. In informing the Department of Taxation and Finance of the transaction, petitioner listed the total consideration paid by the assignees as $1,300,000; this was the assignment fee that they were paying directly to petitioner. From this figure, petitioner subtracted the brokerage fee of $312,000 and arrived at the figure of $988,000. Petitioner claimed that the $988,000 was the consideration he received for the assignment and, since

this figure was less than $1,000,000 (see, Tax Law § 1443), he was exempt from having to pay a real property transfer gains tax (see, Tax Law § 1441). The Department's Audit Division, however, reached a different conclusion and assessed a gains tax of $130,000 plus penalty and interest against petitioner. The Audit Division's position was that consideration for the assignment included not only the price paid for the contract right, here $1,300,000, but also the amount paid for the property itself, here $2,600,000. Therefore, the total consideration for the assignment was $3,900,000 making the transfer subject to a gains tax.

Petitioner then filed a petition with respondent contesting the Audit Division's findings. In its answer, the Audit Division continued to maintain that the total consideration was $3,900,000. It did, however, revise its assessment of tax due by subtracting the broker's fee of $312,000 from $3,900,000 and then subtracting the original purchase price of $2,600,000 to arrive at a gain of $988,000, resulting in a tax due of $98,800. Respondent sustained the determination that a tax was due and also apparently sustained the original tax assessment of $130,000.

As a result, petitioner commenced this proceeding seeking a review of respondent's determination. Supreme Court upheld the decision. The court, however, determined that the actual amount of tax due was $98,800 and remitted the matter for a recalculation of the penalty and interest due. Only petitioner has appealed claiming that no tax was due. Neither party contests the court's determination that if in fact a tax is due the amount due is $98,800.

Before addressing petitioner's arguments, a review of the pertinent statutory sections is necessary. When a transfer of real property occurs in this State, a 10% gains tax is imposed on the transaction (Tax Law § 1441). A gain is defined as the "difference between the consideration for the transfer of real property and the original purchase price of such property, where the consideration exceeds the original purchase price" (Tax Law § 1440 [3]). The term consideration "includes any price paid or required to be paid * * * by money, property, or any other thing of value * * * including the amount of any mortgage [and] * * * the cancellation or discharge of an indebtedness or obligation" (Tax Law § 1440 [1] [a]). An assignment is included in the definition of the word "transfer" (Tax Law § 1440 [7]). However, an exemption to the tax is provided for transfers where the consideration is less than $1,000,000

(Tax Law § 1443 [1]). Effective September 4, 1984, Tax Law § 1443 was amended to include as consideration: "In the case of an assignment of a contract to purchase real property, the amount required to be paid for the real property pursuant to the terms of the contract being transferred" (Tax Law § 1443 [1] [b], as amended by L 1984, ch 900, § 7).

In support of his argument that no tax was due and that the amount required to be paid for the property should not have been included as consideration, petitioner points out that the assignment in this case occurred on July 20, 1984, before Tax Law § 1443 was amended. He contends that because of the language added to the statute, consideration prior to the amendment did not include the amount required to be paid for the real property. Here, that amount was $2,600,000.

In rejecting this argument, we initially note that a tax exemption is allowed only as a matter of legislative grace and not as a matter of right and such exemptions are strictly construed against the taxpayer (*Matter of Estate of Dworetz v State Tax Commn.*, 128 AD2d 946, 947-948, *lv denied* 69 NY2d 612). Furthermore, it is the taxpayer who has the burden of proving his entitlement to an exemption; in so doing, he is required to show not only that his interpretation of the statute is a plausible one, but also that it is the only reasonable construction (*supra,* at 946-947). This petitioner failed to do.

It is true that in the absence of clear legislative intent, amendments to statutes are given prospective effect only (*Matter of Schultz Constr. v Ross,* 76 AD2d 151, 154, *affd* 53 NY2d 792). Nevertheless, an amendment of a statute does not always require a change in judicial construction and may simply be an amplification of the Legislature's intent (*Mayblum v Chu,* 67 NY2d 1008, 1010). To determine whether the Legislature intended only to clarify a statute, a State Executive Department memorandum accompanying the bill is relevant (*see, supra*). That was the situation in this case. The memorandum accompanying the proposed amendment to Tax Law § 1443 specifically stated that the amendment at issue clarified the gains tax treatment of assignment of contracts to provide that consideration included the amount to be paid for the property; the amendment was also listed under "Clarifying Proposals" (Executive Dept mem, 1984 McKinney's Session Laws of NY, at 3456, 3459).

We are also in accord with Supreme Court's analysis of the

statute as it existed prior to the amendment. As noted, cancellation or discharge of an indebtedness constitutes consideration under Tax Law § 1440 (1). The court found that this did not occur in this case and that petitioner was not relieved of his obligation to make contract payments pursuant to the original contract. A party to a contract is not relieved of his obligations by a simple assignment of the contract; the assignment must specifically provide for a release from liability upon assignment (6 NY Jur 2d, Assignments, § 63, at 301). Here, the assignment did not do this and, therefore, the court properly determined that petitioner was not discharged on that basis.

■ Nevertheless, Supreme Court found that, while not relieved of his contractual obligations, petitioner would not ultimately be responsible for payment and this constituted "any other thing of value" within the definition of consideration (Tax Law § 1440 [1] [a]). The court noted that this was similar to a mortgage and that mortgages are included as consideration under Tax Law § 1440 (1). We agree. As the court pointed out, if petitioner's interpretation of Tax Law § 1443 prior to the amendment was accepted, then assignments would only be subject to a gains tax if the assignor obtained an amount exclusive of the assignee's obligation to make payments on the underlying contract, in excess of the purchase price, and that such was not the intent of the Legislature. This conclusion is supported by the Executive Department memorandum which states that the amendment "removes a device that was becoming widely used to manipulate the application of the exemption for transfers for less than $1 million consideration" (Executive Dept mem, 1984 McKinney's Session Laws of NY, at 3459). Since, in our view, the amendment only clarified what was originally intended, Supreme Court properly determined that petitioner was subject to the transfer gains tax and its decision should not be disturbed.

■ We next address petitioner's claim that he should not have been required to pay any interest or penalties on the tax. Initially, we disagree with respondent's contention that this issue was not properly preserved for review. It was raised by petitioner in his petition in this proceeding (cf., Gregory v Town of Cambria, 69 NY2d 655, 657). Further, in seeking review by respondent of the Audit Division's assessment, petitioner requested that the notice of determination of tax

due be set aside. The notice had stated the amount of penalty and interest as well as the amount of tax due.

■ However, on the merits, we reject petitioner's claim. If respondent determines that the failure to pay the tax was "due to reasonable cause and not due to willful neglect", it may waive the imposition of penalty and interest (Tax Law § 1446 [2] [a]). While petitioner claims that the decision was made in good faith as well as upon the advice of counsel, such has been held insufficient to warrant the setting aside of assessed penalties and interest *(see, Matter of LT & B Realty Corp. v New York State Tax Commn.,* 141 AD2d 185; *Matter of Franklin Mint Corp. v Tully,* 94 AD2d 877, 879, *affd* 61 NY2d 980). Additionally, willfulness does not require an intent to deprive the government of its money but only something more than accidental nonpayment *(Matter of F & W Oldsmobile v Tax Commn.,* 106 AD2d 792, 793).

MAHONEY, P. J., WEISS, MIKOLL and HARVEY, JJ., concur.

Judgment affirmed, without costs.