■ In the Matter of 1230 PARK ASSOCIATES et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents.—Weiss, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

In 1983, petitioners incorporated 1230 Park Owners, Inc. as a cooperative housing corporation and transferred both the fee title and lease to property at 1230 Park Avenue in New York City to the corporation, which began selling shares to individual unit holders pursuant to an approved plan for conversion to cooperative apartments. In this CPLR article 78 proceeding, petitioners have challenged the computation of the gain subject to tax *(see,* Tax Law § 1440) from the sale of shares for cooperative apartments and the imposition of penalties for failure to timely file the tax returns and make payment of the tax due.

The facts, briefly stated, are that on June 2, 1983 the corporation executed a $2,500,000 purchase money mortgage to petitioners and paid the net proceeds of $5,694,582 realized from the sale of 6,308 of the 12,730 authorized shares to individual subscribers for cooperative apartments.* Shortly after the closing date, the 6,422 shares which had not been sold were purchased by petitioners for $2,314,444, and eventually 592 of those shares were sold to individual unit subscribers. Following an audit, the Department of Taxation and Finance assessed gains taxes, interest and penalties for nonpayment of taxes on the 3,970 shares subscribed to and initially transferred after March 28, 1983, and for late filing and late payment of taxes on the 592 shares subsequently sold by petitioners, totaling $272,871 in tax and $90,047.43 in penalties and interest. After a claim for refund was denied, petitioners filed two amended tax returns. In the second amended return, petitioner sought to include as part of the original purchase price that portion of the carrying costs incurred on the unsold apartments which exceeded the rental income received from tenants. Respondent Tax Appeals Tribunal affirmed the denial of the arguments asserted by petitioners in an administrative hearing, and this CPLR article 78 proceeding ensued.

We reject petitioners' initial argument that two separate and distinct taxable transfers within the purview of Tax Law article 31-B occurred. We find that *Mayblum v Chu* (67 NY2d 1008), in which the Court of Appeals held that the gains tax is imposed by the statute upon the overall cooperative conversion plan, is dispositive here. The corporation was merely a conduit through which ownership of individual units could be transferred by petitioners to the purchasers through the sale of shares. We fully agree with the conclusion reached by the Second Department in *Mayblum* that the making of a contract of sale for the transfer of the real property from a sponsor to an apartment corporation is not a taxable event separable for gains tax purposes from the overall conversion *(Mayblum v Chu,* 109 AD2d 782, *mod* 67 NY2d 1008). We further find that the $2,500,000 purchase money mortgage given by the corporation should be allocated to each block of shares which represent an individual unit and such allocated portion should

---

* 2,338 of these shares were subscribed to before the effective date of the statute (Mar. 28, 1983) and were therefore exempt from the tax (Tax Law § 1443 [6]). No returns were filed nor taxes paid on the sale of the remaining 3,970 shares until November 20, 1984.

be included in the sale price received by petitioners upon the sale of any shares initially unsold.

Petitioners next contend that the losses they incur as the result of the excess sum they must pay for maintenance and management charges on unsold shares representing apartment units over the rental income received from tenants (the "negative carry") should be included as part of their original purchase price. They characterize negative carry as part of those customary, reasonable and necessary expenses incurred to create ownership interests in property in cooperative or condominium form (see, Tax Law § 1440 [5] [a]). They also seek to have the negative carry included as a cost of capital improvement under Tax Law § 1440 (5) (a). The Tax Appeals Tribunal rejected these arguments, holding that the negative carry is just that, a cost of carrying to preserve the status quo, and not an expense incurred to create ownership in cooperative form. We must agree. In *Matter of Mattone v State of New York Dept. of Taxation & Fin.* (144 AD2d 150, 151-152), this court recognized that we are constrained to defer to the interpretation of a tax statute by the Tax Commission (the predecessor of the Tax Appeals Tribunal) to the extent matters within its expertise are involved, particularly when explicative power is expressly vested in the Tax Commission by the statute (see, Tax Law § 1440 [5] [a]). As in *Mattone,* we find nothing irrational or unreasonable in the Tax Appeals Tribunal's interpretation that the negative carry was neither consideration paid to acquire the interest in real property nor money expended for capital improvement to real property (see, *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459).

Finally, we reject petitioners' pleas for abatement of the penalty. Although the tax was relatively new at the times pertinent herein, explanatory publications and guidance became available shortly after the statute's effective date. Moreover, reliance upon advice from a professional does not, per se, insulate a taxpayer from penalties (*Matter of Auerbach v State Tax Commn.,* 142 AD2d 390, 395; *Matter of LT & B Realty Corp. v New York State Tax Commn.,* 141 AD2d 185, 187), nor is ignorance of the law a reasonable cause for nonpayment (*Matter of LT & B Realty Corp. v New York State Tax Commn., supra*). Based on the facts in this record we are unable to say that the determination of the Tax Appeals Tribunal was erroneous, arbitrary or capricious, and, accordingly, it must be confirmed (see, *Matter of F & W Oldsmobile v Tax Commn.,* 106 AD2d 792, 793).

Determination confirmed, and petition dismissed, without

costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.