■ In the Matter of MARRIOTT FAMILY RESTAURANTS, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.—Casey, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The Tax Law provides exemptions from the sales and use tax for sales of machinery, equipment, certain parts, tools and supplies used or consumed "directly and predominantly in the production of tangible personal property * * * for sale" (Tax Law § 1115 [a] [12]; § 1105-B [a]), and for sales of fuel, gas and

electricity used or consumed "directly and exclusively in the production of tangible personal property * * * for sale" (Tax Law § 1115 [c]). Petitioner seeks the benefit of these exemptions for the machinery, equipment, supplies and utilities used by its food processing plant which manufactures a variety of food products for use in restaurants. Petitioner ships 76% of the plant's output to restaurants owned or operated by petitioner to be prepared and served to the restaurants' customers. The remaining 24% is sold to restaurants operated by licensees and other wholesale food customers.

Following an audit, petitioner's claims for exemptions for its purchases of machinery, equipment, parts, tools and supplies used at its food processing plant were entirely disallowed, and its claims for exemptions relating to the purchases of fuel, gas and electricity used at the plant were allowed only to the extent that such purchases were used in connection with the production of the 24% of the plant's output that was sold to licensees or other food wholesalers. The basis for the disallowances is that when the 76% of the plant's manufacturing output that petitioner shipped to its own restaurants was sold to customers it was restaurant food, and restaurant food is not tangible personal property. The disallowances were sustained throughout the administrative review process which culminated in the determination of respondent Tax Appeals Tribunal (hereinafter respondent) under review in this proceeding. The only issue concerns the rationality of the determination that food products manufactured at petitioner's processing plant and shipped elsewhere for sale in petitioner's restaurants are not tangible personal property within the meaning of the Tax Law's manufacturing exemptions.

While conceding that the food products were tangible personal property within the meaning of the relevant provisions of the Tax Law so long as the products remained at petitioner's manufacturing plant and distribution centers, respondent concluded that once the products were transferred to petitioner's restaurants for preparation and service to paying customers, the products were sold not as tangible personal property but as restaurant food. Respondent's conclusion that restaurant food is not tangible personal property for the purposes of the manufacturing exemptions is based in part upon Tax Law § 1105 (a), which imposes a tax on the retail sale of tangible personal property, and Tax Law § 1105 (d), which separately imposes a tax on the sale of food or drink when sold in restaurants. According to respondent, there would be no need for Tax Law § 1105 (d) if restaurant food were tangible per-

sonal property because it would be taxable under Tax Law § 1105 (a). Respondent also relied upon the reasoning of the Court of Appeals in *Matter of Burger King v State Tax Commn.* (51 NY2d 614) which held, *inter alia,* that the sale of machinery and equipment to a nationwide fast food chain which uses the machinery and equipment in its restaurants to process food and beverages sold to the restaurant's customers is not exempt from taxation under the manufacturing exemptions.

Petitioner contends that restaurant food meets the Tax Law's definition of tangible personal property as "[c]orporeal personal property of any nature" (Tax Law § 1101 [b] [6]). According to petitioner, the specific reference to restaurant food in Tax Law § 1105 (d) does not mean that restaurant food is not tangible personal property. It is petitioner's contention that since Tax Law § 1115 (a) (1) provides an exemption from Tax Law § 1105 (a), which imposes a tax on all tangible personal property, for sales of food and food products for human consumption, Tax Law § 1105 (d) was necessary to reimpose the tax in the case of food sold in a restaurant. As to respondent's reliance on the *Burger King* case, petitioner maintains that the holding and rationale of *Burger King* should be limited to the facts of that case and should not be extended to those cases where, as here, the food is processed in a manufacturing facility that is entirely separate and distinct from the restaurant premises where the food is ultimately sold.

Petitioner's arguments are not lacking in either logic or appeal, but that alone is insufficient to satisfy petitioner's "burden of demonstrating clear and unambiguous entitlement" to the exemptions claimed *(Matter of W.T. Wang, Inc. v State of New York, State Tax Commn., Dept. of Taxation & Fin.,* 113 AD2d 189, 191). Since we must defer to respondent's interpretation of tax statutes to the extent that matters within its expertise are involved *(Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y.,* 170 AD2d 842), the issue is whether respondent's interpretation is irrational or unreasonable *(Matter of General Mills Rest. Group v Chu,* 125 AD2d 762, 763), not whether petitioner has advanced an alternative interpretation that is rational.

We are of the view that respondent's reliance upon Tax Law § 1105 (a) and (d) and upon the Court of Appeals' reasoning in the *Burger King* case provides the necessary rational basis for respondent's interpretation of the manufacturing exemptions provided by the Tax Law. Notwithstanding petitioner's argu-

ment to the contrary, we find nothing irrational in respondent's interpretation insofar as it results in similar treatment for machinery and equipment regardless of whether it is used in processing food on the restaurant premises or at a separate facility. Whether the food is processed at a separate facility belonging to petitioner and shipped to petitioner's restaurants for final preparation or the food processing and preparation occurs entirely within the restaurant, the taxable event is the sale in the restaurant of a combination of food and service, which respondent could rationally view as a "hybrid" transaction rather than the sale of tangible personal property *(see, Matter of Burger King v State Tax Commn.,* 51 NY2d 614, 621, *supra).*

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.