In the Matter of FELIX INDUSTRIES, INC., Petitioner, v STATE OF NEW YORK TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, November 5, 1992

**APPEARANCES OF COUNSEL**

*Muchnick, Golieb & Golieb,* New York City *(Howard W. Muchnick* of counsel), for petitioner.

*Robert Abrams, Attorney-General,* Albany *(Lew A. Millenbach* and *Nancy A. Spiegel* of counsel), for Commissioner, New York State Department of Taxation and Finance, respondent.

**OPINION OF THE COURT**

CREW III, J.

Petitioner, a New York corporation, is a heavy construction contractor. During the course of an unrelated audit, the Department of Taxation and Finance (hereinafter the Department) discovered that petitioner was not registered as a sales tax vendor in this State. This in turn led to an audit of petitioner's records for the period June 1, 1978 through February 28, 1987. The Department determined that petitioner owed sales and use taxes in the amount of $132,805 for that period, plus interest and penalties. The excess interest charges

amounted to $60,349 and the penalties to $49,694.90.* Notices of determination and demand for payment of sales and use taxes due were issued.

Petitioner paid all taxes, penalties and interest assessed and thereafter challenged the Department's determination insofar as it related to the imposition of penalties and excess interest. The matter was placed before an Administrative Law Judge (hereinafter ALJ) who, following a hearing, determined that petitioner was required to obtain a certificate of authority in accordance with Tax Law § 1134 (a) (1) (i) and, further, that petitioner failed to establish that its noncompliance with this and other provisions of Tax Law article 28 was due to reasonable cause. Petitioner filed a notice of exception with respondent Tax Appeals Tribunal (hereinafter the Tribunal). Following oral argument the Tribunal, *inter alia*, denied petitioner's exception and sustained the ALJ's determination and notices of determination. Petitioner thereafter commenced this CPLR article 78 proceeding seeking review of the Tribunal's determination.

Tax Law § 1134 (a) (1) provides, in pertinent part, that "(i) [e]very person required to collect any tax imposed by [Tax Law article 28] * * * shall file with [respondent Commissioner of Taxation and Finance] a certificate of registration", upon which the Commissioner shall issue a "certificate of authority" empowering the registrant to collect the applicable sales and use taxes (Tax Law § 1134 [a] [2]). A "person required to collect any tax imposed by [Tax Law article 28]" (Tax Law § 1134 [a] [1] [i] includes "every vendor of tangible personal property or services" (Tax Law § 1131 [1]). "Vendor", in turn, is defined in relevant part as "[a] person making sales of tangible personal property or services, the receipts from which are taxed by [Tax Law article 28]" (Tax Law § 1101 [b] [8] [i] [A]). Tax Law § 1132 (c) presumes that "all receipts for property or services of any type mentioned in [Tax Law § 1105] are subject to tax", including receipts from "[i]nstalling tangible personal property * * * or maintaining, servicing or repairing tangible personal property" (Tax Law § 1105 [c] [3]). Finally, petitioner has the burden of proving that its receipts are not subject to tax (Tax Law § 1132 [c]; *see, Matter of Mendon*

---

* These penalties consisted of $35,349 for failing to file sales tax returns and pay the tax due, $10,000 for failing to obtain a certificate of authority, $50 for failing to display a certificate of authority and $4,295.90 for omitting an amount in excess of 25% of the taxes required to be shown on returns for the audit period.

*Leasing Corp. v State Tax Commn.*, 135 AD2d 917, 918, *lv denied* 71 NY2d 805).

■ Petitioner contends that it was not a person required to collect tax within the meaning of Tax Law § 1134 (a) (1) (i) because the services it performed either constituted capital improvements which were exempt from taxation pursuant to Tax Law § 1105 (c) (3) (iii) and § 1115 (a) (17), were for tax-exempt organizations *(see,* Tax Law § 1116) or were for its customer, Consolidated Edison, which apparently held a direct payment permit. As the Tribunal observed, however, this argument begs the question of whether petitioner was required to register and obtain a certificate of authority in the first instance and, if adopted, would render the underlying statutory scheme meaningless. In light of the presumption established by Tax Law § 1132 (c), petitioner was required to register with the Commissioner and obtain and display a certificate of authority *(see,* Tax Law § 1134 [a] [1] [i]) enabling it to collect applicable sales and use taxes. Contrary to petitioner's assertions, the mere fact that it ultimately may have no sales tax liability does not obviate petitioner's need to comply with the registration and reporting requirements of Tax Law article 28. This petitioner failed to do and, hence, the Tribunal properly concluded that petitioner was subject to the penalty provisions of Tax Law § 1145.

Turning to the propriety of the penalty imposed, Tax Law § 1145 provides for remittal of all or part of the penalty imposed if it is determined that the failure to obtain and display a certificate of authority (Tax Law § 1145 [a] [3] [i]; [4]), the failure to file a return and pay over the tax due (Tax Law § 1145 [a] [1] [i]) or the omission of an amount in excess of 25% of the tax required to be shown on the return (Tax Law § 1145 [a] [1] [vi]) was "due to reasonable cause and not due to willful neglect" (Tax Law § 1145 [a] [1] [iii]; [3] [iv]; [4]). Although ignorance of the law will not serve as a basis for reasonable cause *(see, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y.,* 170 AD2d 842, 844, *lv denied* 78 NY2d 859), "[a]ny other cause for delinquency which would appear to a person of ordinary prudence and intelligence as a reasonable cause for delay and which clearly indicates an absence of willful neglect may be determined to be reasonable cause" (20 NYCRR 536.5 [c] [5]). To that end, "the most important factor to be considered is the

extent of the taxpayer's efforts to ascertain the proper tax liability" (20 NYCRR 536.5 [d] [2]). Reliance upon professional advice may, where clearly established, indicate reasonable cause, "provided such reliance was reasonable and the taxpayer had no knowledge of circumstances which should have put the taxpayer upon inquiry as to whether such facts were erroneous" (20 NYCRR 536.5 [d] [2] [iii]).

■ Petitioner's corporate secretary testified that petitioner was advised by its accountants that it was not required to have a certificate of authority because it was a capital improvement contractor and, further, that it did not have to file sales and use tax returns. It is petitioner's position that this reliance upon the advice of its accountants constitutes reasonable cause for its failure to comply with the registration and reporting requirements of Tax Law article 28. The Tribunal rejected this argument and, based upon the record before us, we must reject petitioner's plea for abatement of the penalty. "[R]eliance upon advice from a professional does not, per se, insulate a taxpayer from penalties" *(Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y.,* 170 AD2d 842, 844, *supra; see, Matter of LT & B Realty Corp. v New York State Tax Commn.,* 141 AD2d 185, 187). Moreover, as the ALJ found and the record plainly demonstrates, petitioner should have at least inquired as to the need to register and obtain a certificate of authority in view of the fact that one of its subsidiaries was duly registered in this State and petitioner routinely issued exempt certificates which called for a certificate of authority identification number. As to its failure to file appropriate returns, the record reveals that petitioner routinely relied upon its vendors to assess and collect the applicable tax and that prior to the subject audit, petitioner did not have effective internal controls to monitor and assess its tax liability on nonexempt purchases. We therefore conclude that the Tribunal's determination as to penalty was supported by substantial evidence and, accordingly, it must be confirmed. We have examined petitioner's remaining contentions and find them to be without merit.

MIKOLL, J. P., YESAWICH JR., MERCURE and CASEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.