■ In the Matter of CLINTON HILL EQUITIES GROUP, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [658 NYS2d 774] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a real property transfer gains tax assessment imposed under Tax Law article 31-B.

In June 1982, petitioner purchased several apartment buildings in New York City intending to convert them to cooperative ownership. As part of the consideration given for the property, petitioner assumed an outstanding mortgage debt owed to Equitable Life Insurance Company which was scheduled to become due in full in 1984. When Equitable expressed disinterest in extending or refinancing its loan, petitioner's managing general partner, after considerable effort, was able to obtain the refinancing he needed to pursue the conversion from Citibank, which provided a $6,000,000 loan to petitioner (hereinafter the Citibank loan) as well as "end loans" to qualifying purchasers of individual apartment units.

Although petitioner agreed to use its efforts to effectuate the cooperative "offering plan" and to refrain from voluntarily abandoning it, the availability of the loan was not dependent upon the plan's successful implementation. The loan terms were, however, designed to encourage that outcome. To that end, if conversion did not occur on or before November 30, 1984, the interest rate charged would be three percentage points higher and several other terms, impacting adversely on petitioner, would also be actuated. As an inducement to Citibank to make the loan, petitioner agreed to pay a "financing fee" consisting of a percentage of the proceeds received from the sale of the cooperative apartment units.

In April 1984, over a year after closing on the Citibank loan, petitioner transferred its interest in the property to a cooperative housing corporation which thereafter sold shares corresponding to many of the apartments. When calculating its taxable gain for the purpose of paying the real property transfer gains tax (see, Tax Law former art 31-B), petitioner included the financing fees it had paid with respect to those units (assertedly amounting to $1,174,513) as part of its original purchase price (see, Tax Law former § 1440 [3], [5]), thus reducing the reported taxable gain.

The Department of Taxation and Finance disallowed this

inclusion and assessed petitioner an additional $43,957 in tax. This assessment was upheld on administrative review and ultimately by respondent Tax Appeals Tribunal, which found that the financing fees were not expended to create ownership in cooperative form (see, Tax Law former § 1440 [5] [a] [ii]) but were akin to interest paid to acquire the property, and therefore not includible in the original purchase price (see, 20 NYCRR 590.15 [former (c)]). Petitioner seeks annullment of that determination.

The issue posed—namely, whether the fees in question were "customary, reasonable and necessary * * * to create ownership interests in [the] property in cooperative * * * form" (Tax Law former § 1440 [5] [a] [ii]—being one squarely within the Tribunal's sphere of expertise and with respect to which it has been expressly granted explicative power, the Tribunal's interpretation of the relevant statutes and regulations is entitled to deference (see, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y., 170 AD2d 842, 844, lv denied 78 NY2d 859; Matter of Mattone v State of N. Y. Dept. of Taxation & Fin., 144 AD2d 150, 151-152). As a consequence, for petitioner to prevail it must not only show that another interpretation is reasonable, but also that the position espoused by the Tribunal is unreasonable, irrational or without basis in fact or law (see, Matter of Marriott Family Rests. v Tax Appeals Tribunal, 174 AD2d 805, 807, lv denied 78 NY2d 863). This has not been done.

The mere fact that an expense is incurred in conjunction with, or has some tangential relationship to, a cooperative conversion is not dispositive in this regard (see, Matter of 1230 Park Assocs. v Commissioner of Taxation & Fin. of State of N. Y., supra; Matter of River Terrace Assocs., Tax Appeals Tribunal, TSB-D-92 [29] R, Oct. 22, 1992, at 7). Here, the fees were reasonably perceived by the Tribunal as a cost of obtaining financing for the acquisition of, or to maintain ownership of, the property and not as a cost of creating an ownership interest in cooperative form. Notably, the Citibank loan was in place more than a year before the conversion (see, Matter of Albe Realty Co., Tax Appeals Tribunal, TSB-D-92 [8] R, Mar. 26, 1992, at 6), and the obligation to pay the financing fees was a consequence of securing that loan, not a prerequisite to changing the form of ownership (see, Matter of Middle Is. Assocs., Tax Appeals Tribunal, 810677 and 811113, Sept. 21, 1995, at 8-9). Moreover, given Equitable's avowed aversion to providing further financing, its mortgage would have had to have been refinanced regardless of whether the property was to be

converted. Furthermore, the fees would not have abated if conversion did not occur; they merely would have been replaced by an increased interest obligation. Under these circumstances, it was not unreasonable to conclude that the payments at issue were intended to serve the same purpose as interest, and should be treated similarly.

While financing fees such as those incurred here may, as petitioner maintains, be a customary, reasonable and necessary expense associated with the purchase of a property to be converted, that, without more, is not enough to mandate the conclusion that they are a cost of actually converting the property. Nor does the mere fact that the fees were payable only upon the sale of individual units compel a result different from that reached by the Tribunal (*cf., Matter of Middle Is. Assocs., supra*, at 8). Lastly, we are not persuaded that the disallowance of these amounts is contrary to public policy (*compare, Matter of Glick Constr. Corp. v New York State Tax Commn.*, 95 AD2d 129, 133).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.