■ In the Matter of ANITA GROPPER, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [780 NYS2d 678]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained four notices of deficiency.

Petitioner owns and controls two corporations, Maar Printing Service, Inc. and Cross Road Press, Inc. Maar, a subchapter S corporation, purchased tangible personal property and immediately leased it to Cross Road, which then used it in the production of goods within the Poughkeepsie/Dutchess Economic Development Zone. When petitioner claimed a pass-through Economic Development Zone Investment Tax Credit from Maar pursuant to Tax Law § 210 (12-B) for the 1995-1998 tax years, the Division of Taxation disallowed the credit and issued four notices of deficiency. Based on stipulated facts, the Division of Tax Appeals sustained the notices because the property was not used in the production of goods by Maar, but leased instead to a separate and distinct corporate entity. Respondent Tax Appeals Tribunal upheld this ruling and sustained the notices of deficiency, prompting this proceeding.

Petitioner contends that the Tribunal misinterpreted Tax Law § 210 (12-B) when it failed to treat Maar and Cross Road as a single taxpayer for the purposes of that statute and disallowed the tax credit. This contention rests on petitioner's premise that because the term "purchase" used in Tax Law § 210 (12-B) (b) (iii) is to be defined as it is in Internal Revenue Code § 179 (d) (2), which in turn refers to a "controlled group" of corporations,* the Tribunal was also required to treat "all component members of a controlled group . . . as one taxpayer" as provided in Internal Revenue Code § 179 (d) (6). Inasmuch as petitioner's interpretation of Tax Law § 210 (12-B) is based on a flawed reading of the Internal Revenue Code, we cannot agree.

Internal Revenue Code § 179 (d) consists of a series of definitions to be utilized for purposes of section 179, which deals with the election to expense certain depreciable business assets. Subparagraph (6) is expressly applicable only to subsection (b) of section 179, which does no more than impose a dollar limitation on such expenses. Because of this narrow purpose, subparagraph (6) is unrelated to the definition of "purchase" in subparagraph (2) and has no application to Tax Law § 210 (12-B), which provides no limitation on the maximum amount of

* Tax Law § 210 (12-B) (b) states: "A credit shall be allowed under this subdivision with respect to tangible personal property . . . which . . . (iii) are acquired by purchase as defined in [Internal Revenue Code § 179 (d) (2)] . . . ." Internal Revenue Code § 179 (d) (2) provides that "the term 'purchase' means any acquisition of property, but only if . . . (B) the property is not acquired by one component member of a controlled group from another component member of the same controlled group." A controlled group is made up of corporations connected through common stock ownership (see Internal Revenue Code § 179 [d] [7]; § 1563 [a] [2]). There is no dispute that Maar and Cross Road are component members of a controlled group.

the tax credit. Thus, petitioner has not shown that her interpretation is a reasonable one, let alone that it is the only logical or reasonable interpretation of the statute (*see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993]; *Matter of Clinton Hill Equities Group v Tax Appeals Trib. of State of N.Y.*, 240 AD2d 992, 993 [1997], *lv denied* 90 NY2d 808 [1997]).

Petitioner also argues that the Tribunal's interpretation effectively amends or repeals Tax Law § 210 (12-B) because the use of the subject personal property by Cross Road within the Poughkeepsie/Dutchess Economic Development Zone satisfies the legislative intent to afford Economic Development Zone Investment Tax Credits. To be sure, the underlying policy is to encourage economic development in targeted areas by means of tax credits, but the language of the statute expresses an intent to restrict such credits to purchases of personal property that taxpayers themselves use in the production of goods (*see* Tax Law § 210 [12-B] [b] [v] [A]). We find no legislative history to the contrary (*see* Bill Jacket, L 1986, ch 686; Governor's mem approving L 1986, ch 686, 1986 McKinney's Session Laws of NY, at 3186). Moreover, Tax Law § 210 (12-B) (c) expressly excludes the credit where, as here, the taxpayer leases the subject property to another entity. Accordingly, we conclude that the Tribunal's interpretation of the statute was not unreasonable or irrational.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.