Mercure, J.P
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of real estate transfer tax imposed under Tax Law article 31.
In May 2000, CBS Corporation and Viacom, Inc. merged, creating petitioner and effecting a transfer of a controlling interest in CBS for purposes of the real estate transfer tax. Petitioner’s tax returns indicated that the value of CBS’s real estate in New York was worth over $200 million at the time of the merger. The returns claimed exemptions aggregating 70.44%, consisting of a 15.56% exemption based upon the fact that certain CBS shareholders had also held Viacom shares before the merger, and a 54.88% exemption based upon the fact that the holders of CBS voting common stock received nonvoting common stock in petitioner as a result of the merger. The parties’ dispute centers on whether the latter claim properly falls within an allowable exemption for conveyances that “effectuate a mere change of identity or form of ownership or organization where there is no change in beneficial ownership” (Tax Law § 1405 [b] [6]).
After conducting an audit, the Department of Taxation and Finance informed petitioner that it disallowed the 54.88% claimed exemption because the CBS voting stock was exchanged *909 for nonvoting stock. The Department determined that petitioner owed a real estate transfer tax balance of $493,965.08, plus interest of $117,908.11 and a penalty of $172,887.75. Petitioner then filed a timely petition for review, which was denied by an Administrative Law Judge. Respondent Tax Appeals Tribunal (hereinafter respondent), with a single Commissioner dissenting, affirmed and this proceeding ensued.
We confirm. Petitioner argues that respondent’s interpretation of the “change-in-form” exemption is erroneous, asserting that the exemption applies when a transferor retains an ongoing economic interest in the transferred real property, without regard to voting power, dominion and control. Tax Law § 1402 (a) imposes the real estate transfer tax “on each conveyance of real property or interest therein when the consideration exceeds [$500].” As noted above, the change-in-form exemption applies “where there is no change in beneficial ownership” (Tax Law § 1405 [b] [6]). Respondent determined that the term “beneficial ownership” in the Tax Law § 1405 (b) (6) exemption must be read in conjunction with the definitions of “conveyance” and “controlling interest” in Tax Law § 1401. Specifically, the “[c]onveyanee[s] ’’ subject to the real estate transfer tax are defined as “transfers of any interest in real property by any method, including . . . transfer or acquisition of a controlling interest in any entity with an interest in real property” (Tax Law § 1401 [e] [emphasis added]). In the case of a corporation, “controlling interest” is defined as “either [50%] or more of the total combined voting power of all classes of stock of such corporation, or [50%] or more of the capital, profits or beneficial interest in such voting stock of such corporation” (Tax Law § 1401 [b] [i] [emphasis added]).
We note that “we are constrained to defer to the interpretation of a tax statute by [respondent] to the extent that matters within its expertise are involved” and that “[t]he ultimate issue is whether [respondent’s] determination has a rational basis,” rather than whether petitioner has advanced a compelling alternative interpretation (Matter of Muraskin v Tax Appeals Trib., 213 AD2d 91, 94 [1995], lv denied 87 NY2d 806 [1996]; see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d 1154, 1154 [2008]; Matter of Marriott Family Rests. v Tax Appeals Trib. of State of N.Y., 174 AD2d 805, 807 [1991], lv denied 78 NY2d 863 [1991]; Matter of Bredero Vast Goed, N.V. v Tax Commn. of State of N.Y., 146 AD2d 155, 159 [1989], appeal dismissed 74 NY2d 791 [1989]). Further, “petitioner bears the burden of establishing entitlement to the exemption[;] [s]tatutes creating tax exemptions ‘must be construed against the *910 taxpayer’ [; and] [t]he taxpayer must show ‘that its interpretation of the statute is . . . the only reasonable construction’ ” (Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin., 83 NY2d 44, 49 [1993] [citation omitted]; see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin., 51 AD3d at 1154-1155; Matter of Bredero Vast Goed, N.V v Tax Commn. of State of N.Y., 146 AD2d at 159; Matter of Auerbach v State Tax Commn., 142 AD2d 390, 393 [1988]; see also Tax Law § 1404 [b]).
In our view, petitioner failed to meet its burden of showing that its interpretation of the exemption is the only reasonable one. In the absence of a statutory definition of the phrase “beneficial ownership” (Tax Law § 1405 [b] [6]) or meaningful guidance in the applicable regulations regarding these circumstances (see 20 NYCRR 575.10, 575.11 [a] [4], [5], [8], [11]), respondent properly looked to other portions of Tax Law article 31 for guidance (see McKinney’s Cons Laws of NY, Book 1, Statutes § 97 [“all parts of (a legislative) act are to be read and construed together to determine the legislative intent”]). In so doing, respondent reasonably concluded that the transfer of a controlling interest in CBS for nonvoting stock in petitioner represented a change in substance, not in form, because the loss in voting power represented a transfer of control over corporate assets, rather than a mere formalism. That is, when CBS’s shareholders exchanged their voting stock for nonvoting stock in petitioner, they lost the right to command and control over the operation and disposition of the transferred real property. As respondent notes, the term “beneficial ownership” has been interpreted to include command and control over property and has not been strictly limited to simply financial or economic interests, as petitioner would interpret the term (see Matter of Spectapark Assoc. v City of Albany Dept. of Assessment & Taxation, 12 AD3d 800, 801-802 [2004], lv denied 4 NY3d 705 [2005]; see also Anderson v Commissioner of Internal Revenue, 164 F2d 870, 873 [1947], cert denied 334 US 819 [1948]; Yelencsics v Commissioner of Internal Revenue, 74 TC 1513, 1527 [1980]; see generally Matter of Schrier v Tax Appeals Trib. of State of N.Y., 194 AD2d 273, 275-276 [1993], lv dismissed 83 NY2d 944 [1994]). Accordingly, inasmuch as respondent’s determination has a rational basis and petitioner failed to prove entitlement to the exemption, the determination must be confirmed.
Finally, we reject petitioner’s contention that no basis existed for assessing a penalty in this case because its failure to pay the real estate transfer tax “was due to reasonable cause and not due to willful neglect” (Tax Law § 1416 [b]). While petitioner *911 maintains that its failure to timely pay the full amount of tax due was based on a reasonable interpretation of the change-inform exemption, “willfulness does not require an intent to deprive the government of its money but only something more than accidental nonpayment” (Matter of Auerbach v State Tax Commn., 142 AD2d at 395). Advancement of a reasonable legal theory in good faith or reliance upon professional advice, in the absence of inquiry to ascertain the position of the Department of Taxation and Finance, does not constitute reasonable cause or provide us with a basis to disturb respondent’s imposition of a penalty (see id.; Matter of LT & B Realty Corp. v New York State Tax Commn., 141 AD2d 185, 187-188 [1988]; see also Matter of McGaughey v Urbach, 268 AD2d 802, 803 [2000]; Matter of 470 Newport Assoc. v Tax Appeals Trib. of State of N.Y., 211 AD2d 322, 327 [1995], appeal dismissed 86 NY2d 837 [1995], lv denied 87 NY2d 804 [1995]).
Peters, Spain, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.